# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| MILWAUKEE ELECTRIC TOOL CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>A CUSTOM MADE CLOTHING, et al.,<br><br>Defendants. | **FILED UNDER SEAL**<br><br>Civil Action No. 25-CV-6945-TWT |

## [PROPOSED] PRELIMINARY INJUNCTION ORDER

THIS CAUSE comes before the Court following a hearing on Plaintiff's Motion for Preliminary Injunction. The Court previously entered a Temporary Restraining Order and Asset Freeze Order against all Defendants ("TRO") on December 11, 2025, pursuant to Fed. R. Civ. P. 65(b). The Court also authorized Plaintiff to serve Defendants by alternative means pursuant to Fed. R. Civ. P. 4(f)(3), specifically by electronic service to the email addresses and online marketplace accounts associated with Defendants. In conjunction with the TRO, the Court ordered Defendants to appear at a hearing to demonstrate good cause why a preliminary injunction should not be issued. The TRO set the hearing at 75 Ted Turner Drive SW, Atlanta, Georgia 30303, Courtroom 2108 on January 22, 2026, at

2:00 PM. The hearing on Plaintiff's motion for a preliminary injunction was held on January 22, 2026, at 2:00 P.M.

All Defendants, having been properly served with the Summons, Complaint, TRO, and notice of the preliminary injunction hearing in accordance with this Court's Order authorizing alternative service, either failed to appear at the hearing or appeared but failed to show good cause why a preliminary injunction should not be issued against them. Through the preliminary injunction hearing and Plaintiff's associated motion papers, Plaintiff has established:

a) A substantial likelihood of success on the merits of its trademark infringement claims given that:

i) Plaintiff is the exclusive licensee with the right to sue for infringement of several valid and subsisting federal trademark registrations issued by the United States Patent and Trademark Office, including, but not limited to: U.S. Reg. Nos. 917,618; 1,489,877; 1,739,475; 2,624,843; 3,772,366; 3,908,609; 4,203,255; 4,203,258; 4,203,259; 4,207,146; 4,400,602; 4,407,484; 4,534,864; 4,580,441; 4,849,244; 5,085,184; 5,085,201; 5,085,219; 5,085,220; 5,085,222; 5,085,223; 5,085,240; 5,117,238; 5,117,290; 5,203,577; 5,203,630; 5,318,403; 5,645,535; 5,645,536; 5,645,537; 5,735,629; 5,735,630; 5,735,631; 5,735,632; 5,735,633;

5,883,116; 5,894,915; 6,011,155; 6,175,446; 6,269,364; and 6,369,616, (collectively, the "MILWAUKEE Trademarks");

ii) the infringing products advertised and offered for sale by Defendants are not authorized by Plaintiff and are not genuine;

iii) Defendants are using marks that are identical with or substantially indistinguishable from one or more of the MILWAUKEE Trademarks or colorable imitations of the MILWAUKEE Trademarks in commerce on or in connection with the advertising, offering for sale, and/or sale of infringing products;

iv) Defendants' use of the MILWAUKEE Trademarks or colorable imitations of the MILWAUKEE Trademarks on or in connection with the advertising, offering for sale, and/or sale of infringing products is likely to cause consumer confusion, mistake, or deception as to the source or origin of the infringing products;

v) Defendants are manufacturing, importing, offering for sale, and selling infringing and counterfeit goods bearing unauthorized reproductions of one or more of the MILWAUKEE Trademarks; and

vi) Plaintiff has not authorized Defendants to reproduce, distribute, publicly display or create derivative works of any of the MILWAUKEE Trademarks.

b)  Plaintiff will suffer irreparable harm if the injunction does not issue. In trademark infringement cases, there exists a rebuttable presumption of irreparable harm set forth in 15 U.S.C. § 1116(a), which Defendants have failed to rebut. Moreover, the continued sale of counterfeit products by Defendants threatens Plaintiff with the loss of control over its reputation, the loss of considerable goodwill it has established with consumers over many years, potential safety and quality concerns associated with inferior counterfeit products being attributed to Plaintiff, and the inability to control the nature and quality of goods sold under its trademarks, all of which constitute irreparable harm that cannot be adequately remedied by monetary damages.

c)  The balance of the harms weighs in favor of granting the injunction given that the threatened injury to Plaintiff's reputation and goodwill absent an injunction outweighs any potential financial harm that Defendants may suffer as a result of the injunction.

d)  The requested injunction serves the public interest. The public has a strong interest in avoiding consumer confusion and deception regarding the source and quality of goods, in enforcing valid trademark rights, and in preventing the sale of infringing and counterfeit products that may not comply with applicable product safety, manufacturing, or labeling requirements and may

pose safety risks to consumers. The public interest is not served by allowing Defendants to continue selling infringing and counterfeit goods in violation of federal trademark law.

Accordingly, Plaintiff has established to the satisfaction of this Court that equitable relief in the form of a preliminary injunction is warranted, and Defendants have failed to show good cause why a preliminary injunction should not issue. Therefore, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion for Preliminary Injunction is **GRANTED** as to all Defendants as follows:

e) For the duration of this action, each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order is hereby ordered to:

   i) cease and refrain from manufacturing, importing, advertising, offering for sale, selling, distributing, destroying, selling off, transferring, or otherwise disposing of any products that infringe the MILWAUKEE Trademarks or any products that are counterfeit, confusingly similar to, or colorable imitations of products bearing the MILWAUKEE Trademarks;

   ii) cease and refrain from manufacturing, advertising, offering to sell, selling, reproducing, or distributing any goods bearing the MILWAUKEE Trademarks, or any confusingly similar works, other than genuine products

      manufactured or distributed by Plaintiff or its authorized manufacturers and distributors;

iii) cease and refrain from destroying, selling off, transferring, or otherwise disposing of any documents, electronically stored information, or financial records or assets of any kind relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any infringing products;

iv) cease and refrain from using the MILWAUKEE Trademarks on or in connection with any virtual storefront that any Defendant may own, operate, or control on any online marketplace;

v) cease and refrain from any and all use of the MILWAUKEE Trademarks on any webpage (including the title of any web page), in any advertising links to other websites, from search engines' databases or cache memory, or any other form of use of such terms that are visible to a computer user or serves to direct computer searches to virtual storefronts registered, owned or operated by any Defendant on any Marketplace; and

vi) cease and refrain from altering, disabling, closing, or transferring ownership of any virtual storefront on any online marketplace during the pendency of this action or until further order of the Court.

f) For the duration of this action, each Defendant must preserve all documents and electronically stored information arising from or related to its sale, offer

for sale, distribution, and advertising of infringing products through its virtual storefronts located on the online marketplaces.

g) For the duration of this action, all Financial Institutions (as defined herein to mean banks, credit card processors, payment processors, and other financial service providers) that receive actual notice of this Order shall continue to attach and freeze all funds in any accounts owned, controlled, utilized by, or associated with Defendants identified in Schedule A attached hereto, and otherwise prohibit the transfer of any funds out of any such accounts and divert any frozen funds and any additional funds that may be transferred into the accounts into a holding account at the marketplace or the respective Financial Institution for the benefit of this Court, with such frozen funds and/or holding accounts being held, maintained, and/or located exclusively within the United States.

h) No funds restrained by this Order shall be transferred or surrendered by any Financial Institution or online marketplace for any purpose (other than pursuant to a chargeback made pursuant to their security interest in the funds) without the express authorization of the Court.

i) For the duration of this action and upon receipt of actual notice of this Order, each online marketplace on which a Defendant maintains a virtual storefront or account shall continue to: (i) freeze all funds held or received by the

      marketplace for any Defendant's benefit; (ii) disable and suspend each Defendant's virtual storefronts on the marketplaces and any accounts associated with each Defendant; (iii) preserve all records, data, and information related to Defendants' accounts and transactions; and (iv) cease providing any services to Defendants, except as necessary to comply with this Order.

j)    Plaintiff may notify the marketplaces and Financial Institutions of this Order by electronic means, including by electronic mail.

k)    This Order shall remain in effect for the duration of this action and until such time as a final judgment is entered.

l)    This Order shall apply to Defendants, their associated virtual storefronts on the marketplaces, and any other websites, domain names, seller identification names, e-commerce stores, or Financial Institution accounts which are being used by Defendants, their officers, agents, employees, attorneys, and all persons in active concert or participation with any of them, for the purpose of advertising, offering for sale, and selling any infringing products at issue in this action and/or unfairly competing with Plaintiff.

m)    The Court's previous Temporary Restraining Order, Asset Freeze Order, and Order to Show Cause is dissolved and is replaced by this Preliminary Injunction Order, which is hereafter in effect.

**SO ORDERED** this _____ day of _____, 2026.


_____
**THOMAS W. THRASH**
**United States District Judge**

## **SCHEDULE A**