IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MILWAUKEE ELECTRIC TOOL
CORPORATION,

    Plaintiff,

      v.

A CUSTOM made clothing, et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:25-CV-6945-TWT

## OPINION AND ORDER

This is a trademark infringement case. It is before the Court on Defendant azonzpower's Motion to Dismiss [Doc. 36].[1] As set forth below, Defendant azonzpower's Motion to Dismiss [Doc. 36] is GRANTED.

## I.    Background[2]

The Plaintiff manufactures, develops, and markets certain consumer and professional-grade tools. (Compl. ¶ 4 [Doc. 1]). As part of its operations, the Plaintiff has sought and acquired several trademark registrations from the

---

[1] Defendant azonzpower's Motion to Dismiss was originally joined by ATcuji Direct, Gdreamer, Grabigo, HomiYD, Local Best Goods, Lunoko, Skyon, Thrivese, Ultra Luck, YL Picks, YayCart, and YoYodss. (*See generally* Def.'s Mot. to Dismiss [Doc. 36]. On May 22, 2026, the Plaintiff dismissed each of these former Defendants without prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(i), leaving Defendant azonzpower as the sole remaining Defendant bringing this Motion to Dismiss. (*See generally* Notice of Voluntary Dismissal [Doc. 60]).

[2] The Court accepts the facts as alleged in the Complaint as true for purposes of the present Motion to Dismiss. *Wilding v. DNC Servs. Corp.*, 941 F.3d 1116, 1122 (11th Cir. 2019).

United States Patent and Trademark Office. (*Id.* ¶ 5). These trademarks are still in effect and several cover international classes. (*Id.*). As a result of the Plaintiff's substantial expenditure of time, money, and other resources developing, advertising, and otherwise promoting quality authorization in association with these trademarks, the trademarks have acquired substantial goodwill and secondary meaning. (*Id.* ¶ 7). Products bearing the Plaintiff's trademarks are recognized and exclusively associated by consumers, the public, and the trade as being products sourced from the Plaintiff. (*Id.*). The Plaintiff has made and continues to make considerable efforts to protect its interests in and to its trademarks. (*Id.* ¶ 9).

The Defendants are individuals and business entities who are organized under the laws of and/or reside in various foreign jurisdictions. (*Id.* ¶ 10). Defendant azonzpower is one of these Defendants. (*See id.*). In an effort to profit from the creative content of the Plaintiff's trademarks, the Defendants have created numerous aliases and have designed them to appear to be selling authorized products from the Plaintiff. (*Id.* ¶ 13). These products are offered at a price substantially below the cost of the original products. (*Id.* ¶ 16). The Defendants purposefully direct their business activities toward the United States through the operation of fully interactive commercial websites and online marketplace storefronts. (*Id.*). These websites are accessible to Georgia residents, accept payment in U.S. dollars, offer shipping to Georgia addresses,

2

and are specifically designed to attract U.S. customers. (*Id.*). Upon information and belief, Defendant azonzpower and other Defendants have sold and continues to sell unauthorized and infringing versions of the Plaintiff's products to consumers within the United States, including Georgia and in this judicial district. (*Id.*).

Accordingly, the Plaintiff has suffered significant injury and has filed suit with this Court. After doing so, the Plaintiff moved for a Temporary Restraining Order ("TRO") and a Preliminary Injunction ("PI") against the Defendants. (*See generally* Mot. for Temp. Restraining Order [Doc. 3]). The Court subsequently granted the ex-parte motion for a TRO and set a hearing for the PI. (*See generally* Dec. 11, 2025 Order [Doc. 10]). But after hearing from the represented parties at the PI hearing, the Court dissolved the TRO and granted the PI for the majority of the Defendants but denied it for Defendant azonzpower. (*See generally* PI Hearing Minute Entry [Doc. 27]). Defendant azonzpower now brings this Motion to Dismiss under Rules 12(b)(5) and 12(b)(6). (*See generally* Def.'s Mot. to Dismiss [Doc. 36]).

## II.    Legal Standards

### A. Motion to Dismiss Under Rule 12(b)(5)

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Intern., Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104

(1987). "[T]he standards of proof governing motions to dismiss for lack of personal jurisdiction" also apply to motions to dismiss for insufficient service of process. *Kammona v. Onteco Corp.*, 587 F. App'x 575, 578 (11th Cir. 2014) (quotation marks and citation omitted). Thus, "[t]he district court must construe the allegations in the complaint as true, to the extent they are uncontroverted by defendant's affidavits or deposition testimony." *Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir. 1988). Where the defendant contests the allegations of the complaint through affidavits, "the burden shifts back to the plaintiff to produce evidence supporting personal jurisdiction, unless the defendant's affidavits contain only conclusory assertions that the defendant is not subject to jurisdiction." *Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th Cir. 2006).

### B. Motion to Dismiss Under Rule 12(b)(6)

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); Fed. R. Civ. P. 12(b)(6). A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in

the light most favorable to the plaintiff. *See Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 994-95 (11th Cir. 1983); *see also Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination"). Generally, notice pleading is all that is required for a valid complaint. *See Lombard's, Inc. v. Prince Mfg., Inc.*, 753 F.2d 974, 975 (11th Cir. 1985). Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Twombly*, 550 U.S. at 555).

## III.   Discussion

Service of process is governed by Federal Rule of Civil Procedure 4. If a corporation does not reside within any judicial district of the United States, Rule 4(f) generally applies. *See* Fed. R. Civ. P. 4(h). Because Defendant azonzpower is organized under and/or resides in a foreign jurisdiction, (Compl. ¶ 10), the Court turns to Rule 4(f). The Rule provides:

> **(f) Serving an Individual in a Foreign Country.** Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed-- may be served at a place not within any judicial district of the United States:
>
> > **(1)** by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;

(2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:

(A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;

(B) as the foreign authority directs in response to a letter rogatory or letter of request; or

(C) unless prohibited by the foreign country's law, by:

(i) delivering a copy of the summons and of the complaint to the individual personally; or

(ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or

(3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f).

On the same day the Plaintiff filed its Complaint with the Court, the Plaintiff moved to electronically serve Defendant azonzpower under Rule 4(f)(3) and filed a proposed order with its motion. (*See generally* Mot. to Serve Defs. Electronically [Doc. 4]). The motion was unopposed. Accordingly, the Court granted the motion and adopted the Plaintiff's proposed order as its own. (*See generally* Dec. 11, 2025 Order [Doc. 11]). Defendant azonzpower was only represented by counsel for the first time at the PI hearing, which was held

more than a month after the Order was entered. (*See generally* PI Hearing Minute Entry).

Now, Defendant azonzpower asserts that service was improper under Rule 4 at the Motion to Dismiss stage. It explains that it is based out of the People's Republic of China. (Br. in Supp. of Def.'s Mot. to Dismiss, at 7 [Doc. 36-1]). It argues that, because China is a signatory to the Hague Convention, service must comply with the Hague Convention and email service cannot be authorized under Rule 4(f). (*See* Br. in Supp. of Def.'s Mot. to Dismiss, at 7-13). The Court agrees for the reasons stated below.

## A. Defendant azonzpower's Residency

Before the Court determines whether the Hague Convention rules of service apply, the Plaintiff argues that Defendant azonzpower has failed to provide sufficient declarations showing that the company resides in China to prevail on its Motion to Dismiss under Rule 12(b)(5). (Pl.'s Br. in Opp'n to Def.'s Mot. to Dismiss, at 4 [Doc. 44]). A federal court may use an unsworn written declaration as evidence if the writer includes and signs a statement such as, "I declare under penalty of perjury that the foregoing is true and correct." *Udoinyion v. The Guardian Security*, 440 F. App'x 731, 735 (11th Cir. 2011) (quoting 28 U.S.C. § 1746). The Plaintiff argues that, because none of the Plaintiff's declarations meet this standard, the Court cannot consider the Plaintiff's declarations as evidence for insufficient service of process. (Pl.'s Br.

7

in Opp'n to Def.'s Mot. to Dismiss, at 4). The Court need not determine this issue because Defendant azonzpower is under no burden to provide declarations to prove that it resides in China.

When considering a motion to dismiss under Rule 12(b)(5) for insufficient service of process, "[t]he district court must construe the allegations in the complaint as true, to the extent they are uncontroverted by defendant's affidavits or deposition testimony." *Morris*, 843 F.2d at 492. In this case, the Plaintiff's Complaint provides evidence that Defendant azonzpower resides in China. Here, it is true that the only relevant numbered portion of the Complaint vaguely states that the "Defendants are individuals and business entities who, upon information and belief, are organized under the laws of and/or reside in various foreign jurisdictions, including but not limited to China" without stating that Defendant azonzpower is located in China explicitly. (Compl. ¶ 10). The Plaintiff also includes screenshot evidence of examples of the "organized counterfeiting networking utilizing unauthorized e-commerce storefronts" as exhibits to the Complaint. (*See id.* ¶¶ 12, 21). After reviewing the applicable screenshot to Defendant azonzpower, the Court concludes that the Plaintiff has already admitted that Defendant azonzpower resides in China and no further evidence is necessary on the part of Defendant azonzpower. In the relevant screenshot for Defendant azonzpower, it clearly lists the seller origin of the company as "China." (E-Commerce Screenshot

8

Evidence, at 8 [Doc. 1-5]). Thus, even if Defendant azonzpower's declarations are defective, the Court still concludes that Defendant azonzpower resides in China because of the Plaintiff's own admissions.

## B. The Hague Convention Applies

Under Rule 4(f)(3), a court may permit alternative service of a foreign corporation *as long as it is not prohibited by international agreement*. Fed. R. Civ. P. 4(f)(3). This includes compliance with the Hague Convention. The Supreme Court has held that "[t]he only transmittal to which the [Hague] Convention applies is a transmittal abroad that is required as a necessary part of service." *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 699 (1988). The Hague Convention is an international treaty that "seeks to simplify, standardize, and generally improve the process of serving documents abroad" by "specifying certain approved methods of service and preempting 'inconsistent methods of service' wherever it applies." *Water Splash, Inc. v. Menon*, 581 U.S. 271, 271 (2017) (quoting *Volkswagenwerk Aktiengesellschaft*, 486 U.S. at 699) Both the United States and China are signatories to the Convention. *See* Hague Conference on Private International Law, *Status Table, Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters*, https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 [https:// perma.cc/ET45-PUKJ] (last visited Aug. 6, 2026). It authorizes three

methods of service: (1) receipt through the foreign country's central authority (e.g., ministry of justice), Hague Convention arts. 2-6; (2) alternative methods such as through consular agents or "postal channels," *id.* arts. 8, 10; and (3) methods affirmatively authorized by the foreign country, *id.* arts. 11, 19.

The Convention applies to "all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad." *Prem Sales, LLC v. Guangdong Chigo Heating & Ventilation Equip. Co.*, 494 F. Supp. 3d 404, 409 (N.D. Tex. 2020) (citing Hague Convention art. 1). When the Hague Convention applies, compliance with its terms are mandatory. *Volkswagenwerk Aktiengesellschaft*, 486 U.S. at 705 (citing Hague Convention arts. 15, 16). But it does not apply "where the address of the person to be served with the document is not known." *Id.* (quoting Hague Convention art. 1). A defendant's address is "not known" unless the plaintiff made "reasonably diligent efforts to learn the defendant's mailing address" but failed. *Luxottica Grp., S.p.A. v. P'ships & Unincorporated Ass'ns Identified in Sch. 'A,'* 391 F. Supp. 3d 816, 822 (N.D. Ill. 2019) (collecting cases).

Here, the Plaintiff argues that the Hague Convention does not apply because the address of Defendant azonzpower is not known. (*See* Pl.'s Br. in Opp'n to Def.'s Mot. to Dismiss, at 6-7). In attempting to ascertain the address of Defendant azonzpower, the Plaintiff cites to its searches on Google Maps and the Chinese search engine Baidu. (*See id.*). These efforts are insufficient.

10

In *Wang & Gao Family Trust v. TA Partners LLC*, 2025 WL 2484194 (N.D. Ga. Aug. 28, 2025), the plaintiffs filed a motion for alternative service under Rule 4(f)(3) under similar factual circumstances and requested this Court to approve service through counsel for the defendants and/or by the defendant's email. *Id.* at *3. The plaintiffs argued that the Hague Convention did not apply because the defendant's address in China was unknown. *Id.* at *4-5. Unlike the instant situation, the plaintiffs not only searched for the defendant's address through general internet queries but also asked for his address in their communications with him. *Id.* at *4. This Court then reviewed several cases to determine when a plaintiff's efforts are reasonable to ascertain a defendant's address and found that courts have approved requests for alternative service when a plaintiff employs a private investigator but have denied such requests when the plaintiff has knowledge of parties connected to the defendant, such as counsel. *See id.* at *5 (collecting and discussing cases). Ultimately, this Court found that the Hague Convention applied because internet searches alone were insufficient to conclude that a defendant's address was unascertainable. *Id.* at *5.

The Court finds the reasoning in *Wang & Gao Family Trust* directly applicable to the instant case. Simple searches on Google Maps and Baidu falls below the level required to conclude that the Plaintiff was "reasonably diligent." *See Luxottica Grp.*, 391 F. Supp. 3d at 822. Additionally, the Court

11

initially granted the Plaintiff's motion for alternative service when Defendant azonzpower was not represented by counsel. Now that counsel represents Defendant azonzpower, the Plaintiff has further opportunity to acquire information for proper service. Thus, the Court holds that the Hague Convention applies to the present case.

## C.  The Requested Methods of Service Are Not Proper

The Plaintiffs argue that electronic service was proper, and, if the Court determines that it was not, then to permit alternative service by serving Defendant azonzpower's counsel in the United States. The Court holds that neither manner of service is allowed under the terms of the Hague Convention.

This Court has previously reviewed whether electronic service to a Chinese defendant and service to a Chinese defendant's counsel in the United States violates the Hague Convention in *Wang & Gao Family Trust*. There, this Court held that that it was "persuaded by the body of case law finding that the Convention prohibits methods of service that it does not specifically authorize." *Wang & Gao Family Tr.*, 2025 WL 2484194 at *6 (citing *Water Splash*, 581 U.S. at 271). This is for good reason. The Supreme Court has already held twice that the Hague Convention preempts inconsistent methods of service when the Hague Convention is applicable, even if it does not explicitly prohibit the service. *See Water Splash*, 581 U.S. at 271; *Volkswagenwerk Aktiengesellschaft*, 486 U.S. at 699. And the only methods

12

approved by the Hague Convention, as mentioned previously, are service by the (1) "foreign country's central authority," (2) consular or "postal" channels, where the foreign country has not expressly prohibited such channels, and (3) other methods *expressly authorized* by the foreign country. Hague Convention, arts. 2-8, 10-11, 19.

Because Defendant azonzpower is from China, the Court looks to China's service laws. *See also Prewitt Enters., Inc. v. OPEC*, 353 F.3d 916, 927 (11th Cir. 2003) (holding that, even in situations where the Hague Convention does not apply, that service under Rule 4(f)(3) must only occur in a manner that is consistent with due process and minimizes offense to foreign law). China has expressly objected to service via postal channels under the second option of the Hague Convention and therefore, that section does not apply to it. *Prem Sales*, 494 F. Supp. 3d at 413. In addition, under the third option, China has not authorized service by email or to local counsel. *Wang & Gao Family Tr.*, 2025 WL 2484194 at *6. Therefore, service by email or local counsel is not among the methods specifically authorized by the Convention or China.

Because the Plaintiff has electronically served Defendant azonzpower under Rule 4(f)(3) in a manner that is not consistent with international agreements, the Court has no choice but to hold that service was improper. The Plaintiff's plea for alternative service by service to counsel also does not comport with the Hague Convention. The Court need not address the

13

Defendant's Rule 12(b)(6) arguments because the Court grants the Motion to Dismiss under Rule 12(b)(5).

## IV. Conclusion

For the reasons set forth above, Defendant azonzpower's Motion to Dismiss [Doc. 36] is GRANTED. The dismissal is without prejudice.

SO ORDERED, this ____7th____ day of August, 2026.

THOMAS W. THRASH, JR.
United States District Judge

14